UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DANIA HALL,

                     Plaintiff,

       -against-

NORTH BELLMORE SCHOOL DISTRICT,
SUPERINTENDENT DOMINIC MUCCI,
PRINCIPAL MARILYN HIRSCHFIELD,
PRINCIPAL MICHAEL WOLK, RANDEE COULTER,
CHRISTINE STURNIOLO, CAROL MELNICK,
NORTH BELLMORE BOARD OF EDUCATION,
NINA LANCI, MARY OPORTO, JOSEPH PERRONE,
HOWARD G. POLLITT, and IRMA F. WILK

                     Defendant.
---------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT AND IN REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 12(c)**

## TABLE OF CONTENTS

### Authorities

Appeal of Clancy,
29 ED. DEP'T REP 28 (1989).*A.D.2d, 113, 199 (1st Dept 2002)*.......................................17

Barclay Arms, Inc. v. Barclay Arms Associates,
 *74 N.Y.2d 644, 647 (1989)*.......................................................................................... 17

Brown v. Massena Memorial,
2000 WL 381941 at page 7 (NDNY, April 7, 2000)..........................................................11

Browning Avenue Realty Corp. v. Rubin,
207 A.D.2d 263, 615 NYS 2d 60 (1st Dept. 1994) ." ...................................................17

Chesney v. Valley Stream UFSD #24,
2006 WL 2713934 (Eastern District of New York September 22, 2006)..........................10

City of Cleburne v. Cleburne Living Ctr., Inc.,
473 U.S. 432, 439, 105 S.Ct. 3254 (1985). ......................................................................9

City of St. Louis v. Praprotnik,
485 US 112, 123, 108 S.Ct. 915 (1988)........................................................................8,9

Cody v. County of Nassau,
577 F.2d 623, 649 650 (Eastern District of New York 2008)..........................................11

Cornwell v. Robinson, 23 F.3d 694 (2d Cir.1994)............................................................7

Cresswell v. Sullivan & Cromwell
 922 F.2d 60, 72 (2nd Cir. 1990)...............................................................................3,6

Crossman v. Crossman,
 905 F. Supp. 90, 92 (EDNY, 1995)...............................................................................14

Danahy v. Buscheila,
 134 F.3d 1185, 1190 (2nd Cir. 1998)..............................................................................18

Dietz v. Reilly,
2008 WL 3930657...........................................................................................................11

Donlon v. The Board of Education of the Great Central School District,
2007 WL 108470 (WDNY 2007)...................................................................................10

Harlow v. Fitzgerald,
457 U.S. 800, 818, 102 S.CT. 2727 (1982)…………………………………………...……18

Hertz v. Arthur Anderson & Company,
72 F.3d 1085, 1092 (2nd Cir. 1995). ………………………………………………...…....…16

James v. Bd of Education,
37 NY 2d 891, 892 (1975)…………………………………………………………...……...17

Kaufman v. Cohen,
*307* AD2d 113  (1st Dept 2002)………………………………………………………………17

Miller v. International Telephone & Telegraph Corp.,
755 F.2d 20 (cert. den'd), by US Supreme Court, 474 U.S. 851, 106 S.Ct. 148.) ………..19

Mislin v.City of Tonawanda School District, et. al.,
2007 WL 952048 (W.D.N.Y. 2007)………………………………………….……..…8,9

*Monell v. Dep't of Social Servs.*
 436 U.S. 658, 690 (1978). ……………………………………………………...………8

Olson v. County of Nassau,
2008 WL 438705…………………………………………………………………....……11,13

O'Neal v. County of Nassau,
992 F.Supp. 524, 532 (E.D.N.Y. 1997). ………………………………………..…………9

Pangburn v. Culberston,
200 F.3d 65 (2d Cir. 1999)……………………………………………………...…………2

Reese  V. County of Suffolk,
2007 WL 1875623 at page 14 (Eastern District of New York, June 27, 2007…………….13

Taylor v. Brentwood Union Free School Dist.,
908 F.Supp. 1165 (2nd Cir  1995)…………………………………………………...….12


Preliminary Statement ……………………………………………………………….1-2

Standard of Review …………………………………………………………………….2-3

**Argument**

**POINT I**
PLAINTIFF'S COMPLAINT AND MOTION TO AMEND MUST BE DISMISSED
AS AGAINST THE INDIVIDUAL DEFENDANTS AS THE PLAINTIFF HAS NEVER SERVED
THE COMPLAINT ON ANY OF THE INDIVIDUALS…………….................................................3-5

**POINT II**
THE COURT SHOULD NOT ENTERTAIN PLAINTIFF'S OPPOSITION AND/OR CROSS-
MOTION AS IT HAS NOT BEEN PROPERLY SERVED UPON THE DEFENDANTS AND IS
UNTIMELY…….……………….……………………….....................................................5-6

**POINT III**
PLAINTIFFS CLAIM PREMISED UNDER 42 USCA 1983 MUST BE DISMISSED AS THE
STATUTE OF LIMITATIONS HAS EXPIRED……………………………………………..……6-10

**POINT IV**

PLAINTIFF'S  STATE LAW  MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO
FILE A NOTICE OF CLAIM ..…………………………………………………………………10-13

**POINT V**
PLAINTIFF'S CLAIMS UNDER TITLE VII AND UNDER THE AGE
DISCRIMINATION AND EMPLOYMENT ACT MUST BE DISMISSED ……………………14-16

**POINT VI**
PLAINTIFF'S CLAIMS OF FRAUD AND BREACH OF CONTRACT MUST BE
DISMISSED……………………………………………………………………………………...16-18

**POINT VII**
PAINTIFF'S CLAIMS MUST BE DISMISSED AS TIME BARRED UNDER THE
STATUTE OF LIMITATIONS…………………………………………………………………..18-19

Conclusion/Wherefore ……………………………………………………………...……….20

## PRELIMINARY STATEMENT

This office represents the Defendants NORTH BELLMORE SCHOOL DISTRICT, SUPERINTENDENT DOMINIC MUCCI, PRINCIPAL MARILYN HIRSCHFIELD, PRINCIPAL MICHAEL WOLK, NORTH BELLMORE BOARD OF EDUCATION, NINA LANCI, MARY OPORTO, JOSEPH PERRONE, HOWARD G. POLLITT, and IRMA F. WILK in the above-captioned matter. Contrary to Plaintiff's Notice of Cross-Motion, this office does not and has never represented RANDEE COULTER, CHRISTINE STURNIOLO or CAROL MELNICK.[1]

This is a baseless action brought by Plaintiff, who attempted to plead every cause of action imaginable, but failed. Plaintiff now requests leave to serve an amended complaint, still maintaining baseless and frivolous actions against the defendants. Plaintiff's Complaint asserts she was the district orchestra director of the North Bellmore School District and was wrongfully terminated rather than granted tenure. She claims she should have been awarded tenure because she successfully completed her three year probationary period. She further asserts the failure to grant her tenure constitutes a breach of her teacher's contract.

Plaintiff continues to allege despite negative evaluations and observations from four different principals, the reason she was fired was based on her gender and age.

Plaintiff provides no support, whatsoever, for her conclusory assertions. Plaintiff's amended complaint does not fix the defects maintained in the original

---

[1] None of the individual defendants were ever named on the original summons in this action. According to the Notice of Cross-Motion, these defendants have not been served with the cross motion which certainly affects these non-parties as Plaintiff attempts to assert new claims against them. The lack of proper service makes Plaintiff's papers facially defective.

Complaint.  It is respectfully submitted that Plaintiff's complaint must be dismissed and the motion to amend the complaint must be denied.

While the underlying motion inadvertently references Rule 12(b)(6), it was agreed with Plaintiff's counsel, that same was made under Rule 12(c).  Plaintiff's counsel expressly agreed to waive this procedural defect.  Additionally, this Motion should not be treated as one for Summary Judgment as no evidence outside the Pleadings has been presented.  It is respectfully requested the Court submit this motion under Rule 12(c) and for the foregoing reasons Defendants Motion to Dismiss be granted and Plaintiff's Motion to Amend be denied.

Plaintiff's claims are not supported by any facts.  With regard to Plaintiff's state law claims, Plaintiff has failed to file the necessary Notice of Claim.  In addition, the claims are barred by the Statute of Limitations with the exception of those claims asserted to have a six (6) year statutes of limitations, i.e.  breach of contract and fraud.  As discussed below, these claims also fail to State a Cause of Action.  Assuming, arguendo, such claims were properly asserted, which they were not, they would be the only claims which could survive but are improper for assertion in this Federal Court proceeding.  In addition, they are not property plead.  Therefore, Plaintiff has failed to state a claim against Defendants upon which relief can be granted and the Complaint must be dismissed.  In addition, Plaintiff has failed to obtain personal jurisdiction over any of the individual Defendants.

## STANDARD OF REVIEW

Leave to amend should be freely granted when "Justice so requires."  Federal Rule of Civil Procedure 15(a), Pangburn v. Culberston, 200 F.3d 65 (2d Cir. 1999);

Fleming v. Wurzburger, 2009 WL 1015343 (2d. Cir. 2009). A District Court "has the discretion to deny leave to amend where the motion is made after an inordinate delay having no satisfactory explanation offered for the delay, and the amendment would prejudice the Defendant." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2nd Cir. 1990). In the matter herein, Plaintiff seeks to amend the complaint against parties that were dismissed a year ago, never served with the complaint at all and Plaintiff offers absolutely no excuse, whatsoever, for the delay for doing so. As such, as shown below, the motion to amend must be denied.

## POINT I

### PLAINTIFF'S COMPLAINT AND MOTION TO AMEND MUST BE DISMISSED AS AGAINST THE INDIVIDUAL DEFENDANTS AS THE PLAINTIFF HAS NEVER SERVED THE COMPLAINT ON ANY OF THE INDIVIDUALS

As outlined in the underlying motion, Plaintiff filed this action on May 16, 2008. Federal Rules of Civil Procedure (4)(n) provides in part:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or in its own initiative after a notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effectuated within a specified time…"

Plaintiff has failed to serve any of the individually named defendants in this action as confirmed by reading the court docket and conferencing with our clients. Plaintiff's counsel, in their opposition to the underlying motion, do not even refute that Plaintiff has failed to effectuate service. Indeed, none of the individual Defendants have ever been named on the original summons, nor does Plaintiff's counsel provide the Court with a proposed amended summons. Plaintiff's counsel merely argues, quite frivolously,

that defendants are estopped from arguing personal jurisdiction as a result of this Court's February 3, 2008 Order.

In Plaintiff's Memorandum of Law, Plaintiff's counsel provides that since defendants failed to move for reargument or correction of [the Court's June 3, 2008] Order, nor did they seek appeal of the court's ruling"…defendants are estopped from litigating those issues that were raised and adjudicated by the prior order, to wit,…whether jurisdiction has been obtained over all defendants." Plaintiff's counsel conveniently fails to provide that the order was "never litigated." Plaintiff filed her complaint on May 16, 2008 with a motion for relief to proceed in *forma pauperis*. The June 3, 2008 order was in direct response to that motion, which granted Plaintiff leave to do so. Nothing in the order provided that the Defendants were properly served or provided for waiver of any jurisdictional defenses. Indeed, at the time of that Order, the Complaint had not yet been filed with the Clerk of the Court, nor had the Complaint been served and as such, the individual Defendants had no knowledge of it. In fact, since the Complaint was never served on any individual Defendant nor the Order, same could not have been addressed at any time. It was not until September 8, 2008 (over three (3) months later) when Defendants NORTH BELLMORE SCHOOL DISTRICT and NORTH BELLMORE BOARD OF EDUCATION appeared in this action by service of a verified answer[2].

Without soothe-sayer abilities, there would have been no way for Defendants to be aware of the Plaintiff's application or the Order to appeal from it. Indeed, Defendants NORTH BELLMORE SCHOOL DISTRICT and NORTH BELLMORE BOARD OF

---

[2] Upon information and belief, Randy Coulter, Christine Sturniolo and Carol Melnick never appeared in this action and were dismissed via the court's prior order.

EDUCATION were not served until August 19, 2008, a month and a half after the court issued its order.

Defendants were not a party to the action at the time the order was issued, did not litigate the order, and the order does not speak at all about jurisdiction. As the individual Defendants have not been served, a point not refuted, and over four years have gone by since the Plaintiff was terminated at the School District, the Complaint must be dismissed against all individual Defendants.

## POINT II

### THE COURT SHOULD NOT ENTERTAIN PLAINTIFF'S OPPOSITION AND/OR CROSS-MOTION AS IT HAS NOT BEEN PROPERLY SERVED UPON THE DEFENDANTS AND IS UNTIMELY

Plaintiff seeks leave to amend her complaint to assert causes of action against all Defendants under 42 U.S.C. § 1983, breach of contract, fraud and New York Executive Law § 296. Plaintiff also, for the first time, seeks punitive damages.

As outlined in the preliminary statement, this office has never appeared for defendants RANDEE COULTER, CHRISTINE STUNIOLO & CAROL MELNICK. The Notice of Cross-Motion indicates all parties were served through this office by ECF. These parties are not represented by this office, never appeared, and were never served. As such, defendants' papers are defective due to their improper service and should be disregarded by the Court.

In addition, Plaintiff's Motion to Amend must be denied, as no reasonable excuse was provided for the delay in making the motion. Plaintiff brought this action on May 16, 2008. Plaintiff has not requested to amend the complaint at any time up until the

within motion, over a year later. Since no excuse has been provided whatsoever, the motion must be denied. The District Court has discretion to "deny leave to amend when a motion is made after an inordinate delay, no satisfactory explanation is offered for the delay and the amendment could prejudice the Defendant." Cresswell v. Sullivan & Cromell, 922 F.2d 60, 72 (2nd Cir. 1990). The events Plaintiff alleges lead to the issues raised in Plaintiff's Complaint occurred over four years ago. Defendants' would be inordinately prejudiced should the Complaint be permitted to be amended at this time. Plaintiff lost their ability to conduct an investigation into the newly plead causes of action. This is especially true in light of the fact Plaintiff has never served a Notice of Claim in this action.

**POINT III**

**PLAINTIFFS CLAIM PREMISED UNDER 42 USCA 1983 MUST BE DISMISSED AS THE STATUTE OF LIMITATIONS HAS EXPIRED**

Plaintiff, in her proposed amended complaint attempts to, for the first time, plead a cause of action under 42 USCA 1983. The Motion to amend as to this cause of action must be denied, as the statute of limitations has expired. New York's three-year limitations period for unspecified personal injury actions governs § 1983 civil rights actions in New York State. 42 U.S.C.A. § 1983; N.Y.McKinney's CPLR 214, subd. 5. Date of accrual of § 1983 civil rights claim is governed by federal law; such claims accrue when plaintiff knows or has reason to know of injury which is basis of his or her action. 42 U.S.C.A. § 1983. Plaintiffs complaint states she was informed of the intent to terminate her on May 31, 2005, well over three years ago.

Federal Rule 15(c) entitled "Relation Back of Amendments" is of no avail to Plaintiff. That rule provides:

> **"*(1)When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:

**(A)** the law that provides the applicable statute of limitations allows relation back;

**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In Cornwell v. Robinson, 23 F.3d 694 (2d Cir.1994), the plaintiff sued her institutional employer under Title VII and Section 1983, alleging that her employer had a policy of treating women differently than men. After the statute of limitations had expired, she amended her complaint, adding as defendants the individuals who were described in the original pleading. The Second Circuit found that plaintiff had not made a mistake under Rule 15 because plaintiff "was not required to sue [the individual defendants], and her failure to do so in the original complaint ... must be considered a matter of choice, not mistake." *Id.* at 705. Here, it is even clearer no "mistake" was made, as Plaintiff named the Defendants but decided not to bring the claim. The individual Defendants, who, to date, still have not been served, can not be said to have

known, but for a mistake or a mistaken identity would have been sued under 42 USCA 1983.

To make out a claim against a municipality under section 1983, a plaintiff must do more than simply allege that agents of the municipality violated his rights; he must also show that the deprivation of his rights occurred pursuant to a municipal custom or policy of depriving persons of those rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978).

Section 1983 does not provide a source of substantive rights, but rather, a method for vindicating Federal rights conferred elsewhere in the Federal statutes and Constitution. Mislin v. City of Tonawanda School District, et. al., 2007 WL 952048 (W.D.N.Y. 2007). A Section 1983 claim against a municipality cannot be substantiated "solely because it employs a tortfeasor." Monell v. Dept. of Social Services, 436 US 658, 691, 98 S.Ct. 2018 (1978). The predicate claim against a municipality must be based on an official policy, ordinance, regulation, or decision formally adopted by that body's officers. Id.

Here, the Plaintiff did not allege any official policy in her Complaint. She did not designate an official policy-maker.

Furthermore, a Plaintiff who does not claim the actions complained of were taken pursuant to a formally ratified policy, but instead asserts they were taken by an official whose actions represent official municipal policy, the Court must determine whether the official had final policy making authority in the specific area at issue. Jeffes v. Barnes, 208 F.3d 49, 57 (2nd Cir. 2000).

The Supreme Court has stated that whether a particular official has final policy-making authority is a question of State law. City of St. Louis v. Praprotnik, 485 US 112, 123, 108 S.Ct.

915 (1988); O'Neal v. County of Nassau, 992 F.Supp. 524, 532 (E.D.N.Y. 1997).  Under New

York Education Law Section 1709, it is the Board of Education who is charged with the final

decision-making authority to "contract with and employ such persons as by the provisions of this

chapter … are necessary to supervise, organize, conduct and maintain athletics …"  McKinney's

Education Law Section 1709(16).   Since the Board of Education has final policy-making

authority – not the Superintendent and since there is no evidence the Board of Education took

any action adverse to Plaintiff, there can be no municipal liability.   As such, the Plaintiff's

Section 1983 claim against the district must be dismissed as a matter of law.

 The Plaintiff's Section 1983 claim must also be dismissed because she did not allege a

Constitutional deprivation in the original complaint and therefore cannot relate back. The equal

protection Clause of the Fourteenth Amendment commands no State shall "deny to any person

within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, Section 1.  It is

"essentially a direction all persons similarly situated be treated alike."  City of Cleburne v.

Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3254 (1985).

 A "traditional" Equal Protection claim protects against "classification-based"

discrimination, such as claims of discrimination based on age, gender, race, or national

origin.  Mislin v. City of Tonawanda School District, et. al., 2007 WL 952048 (W.D.N.Y.

2007).

 Here, the original Complaint can not be related back to, as it was never served on

the individual defendants.  Certainly Rule 15(c) does not contemplate relating a claim

back to an defective Complaint which was never served. As such, the individual

defendants do not have Notice of the allegations.  Plaintiff cannot now state she should be

forgiven as she proceeded pro se.  Counsel for Plaintiff appeared in this action five

months ago, and none of the service defects have been corrected nor has there even been an attempt to do so.

## POINT IV

### PLAINTIFF'S STATE LAW MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO FILE A NOTICE OF CLAIM

Plaintiff's State Law claim must be dismissed as Plaintiff has failed to file a Notice of Claim upon Defendants, as required under §50-I of the General Municipal Law and Educational Law §3813. Plaintiff argues at Point III of her memorandum of law that the complaint with the State Education Department on or about June 20, 2005 and the complaint filed with the New York State Division of Human Rights and the EEOC satisfy the Notice of Claim requirements under Educational Law §3813. Plaintiff further cites the case of *Donlon v. The Board of Education of the Great Central School District*, 2007 WL 108470 (WDNY 2007), a Western District Case for this proposition. Counsel fails to point out that *Donlon* has been rejected by the Eastern District.

New York's Educational Law requires a Notice of Claim be served by prospective plaintiffs seeking vindication of private rights under Executive Law §296 as well as for tort claims. See *Chesney v. Valley Stream UFSD #24*, 2006 WL 2713934 (Eastern District of New York September 22, 2006) citing *Cavanaugh v. Board of Education of Huntington UFSD*, 296 A.D.2d 396 (2nd Dept. 2002)). Counsel concedes a Notice of Claim must be served within 90 days, however, argues that the EEOC and Department of Human Rights complaints suffice. However, Notice of Claim requirements are very specific, and "failure to comply with the requirements typically results in dismissal due to failure to state a cause of action." *Chesney v. Valley Stream UFSD #24*, supra. See also,

*Beeks v. Reilly*, 2008 WL 3930657 at page 10 (Eastern District of New York, August 21, 2008).   Contrary to Plaintiff's assertions, a filing with the New York State Division of Human Rights and the EEOC charge "does not relieve plaintiff's obligation of the requirement of serving a Notice of Claim…in order to sustain their New York State Human Rights Law claims." *Olson v. County of Nassau*, 2008 WL 438705, at page 2 (Eastern District of New York, November 4, 2008) dismissing New York State Human Rights Law claims on the ground that an EEOC charge does not constitute a Notice of Claim.[3]

In *Olson*, Magistrate Boyle noted that the argument that such filings does not constitute a Notice of Claim and "has been expressly rejected by other courts that have considered this issue." *Olson*, 2008 WL 438705, citing *Wrenn v. New York City Health and Hospital Corporation,* 145 FRD 533 (SDNY 1985); *Brown v. Massena Memorial*, 2000 WL 381941 at page 7 (NDNY, April 7, 2000).   Section 50-E requires very specific provisions as to the form of the notice and the manner of service, which are not contained in the EEOC or the New York State filing.   See *Dietz v. Reilly*, 2008 WL 3930657 at page 10.   Moreover, the intent to the Notice of Claim is to put a municipality on Notice of Claims to be asserted under State Law; An EEOC charge does not suffice for that purpose.   In that light, Plaintiff must in fact plead in the Complaint compliance with General Municipal Law Section 50-I *id.* at page 9 which requires the filing of a Notice of Claim.   Plaintiff has not complied with the dictates of General Municipal Law 50-I in the original Complaint, and plaintiff's pleading in the amended complaint stating that the

---

[3] It is noted that this Eastern District of New York case of Olson was decided  subsequent to the case referenced by Plaintiff (See also, *Cody v. County of Nassau*, 577 F.2d 623, 649 650 (Eastern District of New York 2008).

New York Division of Human Rights complaint and the EEOC complaint suffices is simply inconsistent with the law in the Eastern District of New York.

In <u>Taylor v. Brentwood Union Free School Dist.</u>, 908 F.Supp. 1165 (2nd Cir 1995) a suspended teacher brought action against school district, district board of education, disciplinary hearing panel members and various other school officials, alleging §§ 1983 and 1985 claims that disciplinary action violated his constitutional rights and claim that disciplinary action violated New York antidiscrimination law. Defendants moved to dismiss complaint for failure to state claim. That Court found Teacher's filing of petition with the New York Commissioner of Education for review of disciplinary hearing panel's decision to suspend him for misconduct did not satisfy notice of claim and time requirements under New York law for teacher's subsequent claim, in independent action against school district, district board of education and various school officials, that suspension violated New York's antidiscrimination statute. The case is indistinguishable to the case presently before this Court.

Nevertheless, even if Plaintiff's complaint to the New York State Division of Human Rights and the EEOC were construed as a Notice of Claim, same still would not suffice. The EEOC charge was filed and served well past the 90 days required by New York State Educational Section 3813. In addition, a reading of both documents would not put the Defendants on Notice of the numerous claims made in the complaint and amended complaint. Plaintiff brings claims for breach of contract, defamation and New York Executive Law §296, none of these claims were addressed in any of the prior complaints.

Plaintiff's argument that her failure to serve the required Notice of Claim should be overlooked because the District had notice of her claim when it received her prior complaints, ignores the legal requirements. Indeed, the Court has held the fact a municipality "may have received actual notice of Plaintiff's claims herein through either their EEOC charges or the information discovered...during their investigation into those charges does not relieve the plaintiffs of the requirement of serving a Notice of Claim..."Olson, 2008, WL 438705 at page 2. See also, *Reese V. County of Suffolk*, 2007 WL 1875623 at page 14 (Eastern District of New York, June 27, 2007). Certainly, Defendants cannot have requested a General Municipal Section 50-H hearing as a result of the prior complaints. Given the four year length of time that has elapsed since the events Plaintiff claims lead up to her cause of action and Plaintiff's now first request for these documents to be considered a Notice of Claim, Defendants would be deeply prejudiced by not being able to perform a proper investigation. As such, Plaintiff's complaint must be dismissed and the motion to amend be denied.

To the extent that Plaintiff seeks permission to serve a late Notice of Claim, this Court does not have jurisdiction to grant such relief. General Municipal Law Section 50-E(5) expressly states, "all applications under the section shall be made to the Supreme Court or to the County Court...." *Olson, 2008*, WL 438705, at page 3 quoting General Municipal Law Section 50-E(5)). Indeed, District Courts in the Second Circuit have routinely found that they lack jurisdiction to even consider an application for leave to serve a late Notice of Claim Id. at page 3; *Drees, 2007*, WL 1875623, at page 15.

## POINT V

## PLAINTIFF'S CLAIMS UNDER TITLE VII AND UNDER THE AGE DISCRIMINATION AND EMPLOYMENT ACT MUST BE DISMISSED

A. <u>Plaintiff's Actions are Barred by the Applicable Statute of Limitations</u>.

As outlined in the Notice of Motion, timely filing with the EEOC is the first pre-requisite in bringing a Title VII claim. <u>Crossman v. Crossman</u>, 905 F. Supp. 90, 92 (EDNY, 1995). The New York State Division of Human Rights decided that "based on the evidence, it appears that complainant's employment was terminated based on well documented performance related issues." (Page 2). The order also advised Plaintiff she had **60 days to appeal the order to the New York State Supreme Court**. Furthermore, with regard to a Title VII claim, Plaintiff had (15) days to request a review by the EEOC.

Plaintiff does not refute that she failed to Appeal the order and did not file a Complaint within the 60 day period. The EEOC adopted the findings of the New York State Division of Human Rights. The New York State Division of Human Rights' order was dated November 30, 2007. As a result, and for all the reasons outlined in the original Notice of Motion, Plaintiff's claim is untimely.

B. <u>Plaintiff Fails to State the Facts Supporting Her Claim</u>

Plaintiff has failed to plead facts which give rise to causes of action for age or gender discrimination. Counsel attempts to remedy the clear deficiencies of the original Complaint, but fails to do so. A reading of the amended complaint clearly reveals that it also must be dismissed for the same reason. Plaintiff's complaint gives no facts which support the claim that she was denied tenure as a result of age or gender.

Indeed, Plaintiff's amended complaint provides she was hired by the District when she was <u>56</u> years of age. While Plaintiff claims there were no end of the year

evaluations completed for 2002-2003 and 2003-2004 and 2004-2005, there is no connection made between this and her age and gender.  Indeed, the only "evidence" Plaintiff provides that she was discriminated against based on her age is the fact that her replacement happened to be younger.  Same does not give rise for cause of action under the Age Discrimination Employment Act.  Indeed, the person who replaced her was also female.  While Plaintiff relies on her Masters Degree in Music Education and other qualifications, the fact that she was denied tenure was a result of her inefficient performance, which is detailed in her year end evaluations, which give rise to the New York State Division of Human Rights' conclusion that she was terminated for performance related issues.  While it is conceded  some of the evaluations were positive, a reading of other evaluations show her to have "ineffective classroom management and student recordkeeping", to be "insensitive to student needs", had "an inability to motivate students" and "failed to perform the duties satisfactory".  One evaluation provides as follows: "Our discussion continued to include different levels of progress of the students in the group.  Ms. Hall explained that practice is most important in student success. When asked how communication was established for those that do not practice and/or come prepared Ms. Hall stated she could not call each and every parent.  I suggested that records be kept of students that consistently forget their music, instrument or do not practice.  Those parents should be called to establish a positive community/school relationship.  Ms. Hall became upset and loudly stated "when will this end?".  Ms. Hall also stated that she did not want to hear (Mr. Mucci's) comments since she felt Mr. Mucci had nothing positive to say.

Plaintiff's complaint appears to suggest just because she has credentials and is an accomplished musician she was somehow guaranteed to have tenure.   However, performance was the issue, not her education and experience.

Plaintiff's amended complaint provides allegations about "every other probationary teacher and every other teacher in the school district, almost all of whom were substantially younger than Hall...(see paragraphs 81 through 85) were treated differently.   Plaintiff's allegations only provide that she was treated differently than everyone and was the oldest, which does not support a claim for gender and age discrimination.

While the Court must accept Plaintiff's factual allegations as true, conclusory allegations of  a legal status of the Defendants' acts may not be accepted as true for the purpose of ruling on a motion to dismiss. *Hertz v. Arthur Anderson & Company*, 72 F.3d 1085, 1092 (2nd Cir. 1995).

It is respectfully submitted the Plaintiff's allegations she was fired for discriminatory reasons, without any factual support must be dismissed.

## POINT VI

## PLAINTIFF'S CLAIMS OF FRAUD AND BREACH OF CONTRACT MUST BE DISMISSED

A. A cause of Action in Fraud and Breech of Contract is not properly pled.

With regard to Plaintiff's Fraud claims, they must be dismissed as a matter of law. As outlined in the underlying motion, the Plaintiff failed to plead a proper cause of action in the original complaint for fraud.   The amended complaint still does not plead the basic elements of fraud.

To establish a common law cause of action for fraud, Plaintiffs have to demonstrate the defendants knowingly and intended to deprive Plaintiffs of a benefit and Plaintiffs were thereby deceived and damaged.   See *Browning Avenue Realty Corp. v. Rubin*, 207 A.D.2d 263, 615 NYS 2d 60 (1st Dept. 1994).  To state a cause of action for fraud, Plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation, that it was false when made, justifiable reliance by the plaintiff and resulting injury."   *Barclay Arms, Inc. v. Barclay Arms Associates, 74 N.Y.2d 644, 647 (1989); Kaufman v. Cohen, 307 A.D.2d, 113, 199 (1st Dept 2002).*  In addition, absent a present intention to deceive, a statement of future intentions, promises, or expectations does not support a claim on the grounds of fraud.  A complaint based on a statement of future intention must allege facts to show that the Defendant, at the time that the promissory representation was made, never intended to honor the act on a statement. *Non-Training Company v Braddis Associates*, 243 A.D.2d 107, 118 (1st Dept. 1998).  No allegations of a "intention to deceive, statement of future intentions, promises or expectations are alleged.  The Plaintiff simply has not stated a cause of action in fraud.  Plaintiff does not plead nor can there be any reliance on the claimed false representation.

Plaintiff, in the amended complaint, again attempts to make a claim for "breach of contract".   Again, the Board of Education has a "unfettered right to terminate the employment of a teacher during his/her probationary period. James v. Bd of Education, 37 NY 2d 891, 892 (1975).  Moreover, a Superintendant is given wide discretion in deciding whether or not to recommend a teacher for tenure.  See Appeal of Clancy, 29

ED. DEP'T REP 28 (1989).    Plaintiff does not provide any Contract terms allegedly breached.

    B. <u>Defendants are entitled to immunity.</u>

In any event, assuming, *arguendo*, even if Plaintiff had stated a claim in Fraud, Defendants would be entitled to immunity from any defamation claim for writing of an evaluation.  The doctrine of qualified immunity shields school officials from liability for damages where a "the conduct does not violate statutory rights of which a person would have known."   *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.CT. 2727 (1982).  "A right is considered to be "clearly established" if the contours of the right are sufficiently clear that a lay person would understand that what he is doing violates that right." *Danahy v. Buscheila*, 134 F.3d 1185, 1190 (2nd Cir. 1998).    As Defendant was performing his duty as a public official, he is provided with immunity from this claim.

<strong><u>POINT VII</u></strong>

<strong><u>PAINTIFF'S CLAIMS MUST BE DISMISSED AS TIME BARRED UNDER THE STATUTE OF LIMITATIONS</u></strong>

Plaintiff's proposed amended Complaint alleges various causes of action based on actions that led to her termination with the District on June 30, 2005 including intentional tort claims

Even taking the outside date of June 30, 2005, when she was terminated, as the date for which her causes of action under State law accrued, with the exception of a Claim under Breach of Contract and a claim under Fraud (which both carry six (6) year limitations), her actions must be dismissed as barred by the relevant Statute of Limitations.  It is well established, a Plaintiff's causes of action accrue when she is

notified that her employment will be terminated.  Miller v. International Telephone & Telegraph Corp., 755 F.2d 20 (cert. den'd), by US Supreme Court, 474 U.S. 851, 106 S.Ct. 148.)  By Plaintiff's own admission in her complaint, she was aware of her termination on May 5, 2005.

New York State Civil Practice Laws and Rules § 217 provides that unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents in law or in fact, or after the respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform its duty; or with leave of the court where the petitioner or the person whom he represents, at the time such determination became final and binding upon him or at the time of such refusal, was under a disability specified in section 208, within two years after such time.

New York State Civil Practice Laws and Rules § 215 provides for a one year statute of limitations for intentional torts as well as defamation (libel, slander, false words causing special damages.)  New York State Civil Practice Laws and Rules Sec. 214 provides for a three year statute of limitations for negligence claims.  New York State Civil Practice Laws and Rules §215 provides for a one year statute of limitations for intentional torts as well as defamation (libel, slander, false words causing special damages.)  As Plaintiff's Complaint was not filed until August, 2008, and Plaintiff seeks to amend now, the claims are time barred.

WHEREFORE, it is respectfully requested that the original complaint be dismissed and the amended complaint be dismissed, and for such other and further relief as this Court may deem just and proper.


Dated: Melville, New York
      July 10, 2009

                                  GARY E. DVOSKIN, ESQ. (GD9601)
                                  CRUSER, MITCHELL & NOVITZ, LLP
                                  Attorneys for Defendants
                                  175 Pinelawn Road – Suite 301
                                  Melville, New York 11747
                                  (631) 539-0375
                                  File No.:  709.064


CC:    Law Offices of Kevin T. Grennan, PLLC
        Attorney for Plaintiff
        1000 Franklin Avenue, Suite 302
        Garden City, New York  11530