```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DANIA HALL,

                Plaintiff,              MEMORANDUM & ORDER
                                        08-CV-1999
(JS)(ARL)
        -against-

NORTH BELLMORE UNION FREE
SCHOOL DISTRICT, SUPERINTENDENT
DOMINIC MUCCI, PRINCIPAL MARILYN
HIRSCHFIELD, PRINCIPAL MICHAEL WOLK,
RAN DEE COULTER, CHRISTINE STURNIOLO,
CAROL MELNICK, NORTH BELLMORE
BOARD OF EDUCATION, NINA LANCI, MARY
OPORTO, JOSEPH PERRONE, HOWARD G.
POLLITT and IRMA F. WILK,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Kevin T. Grennan, Esq.
                   Law Offices of Kevin T. Grennan, PLLC
                   1000 Franklin Avenue, Suite 302
                   Garden City, NY 11530

For Defendants:    Rondiene Erin Novitz, Esq.
                   Gary Edward Dvoskin, Esq.
                   Cruser Mitchell & Novitz, LLP
                   175 Pinelawn Road, Suite 301
                   Melville, NY 11747
```

SEYBERT, District Judge:

On May 16, 2008, Plaintiff, Dania Hall, initiated this action pro se by filing a somewhat incomprehensible Complaint. In an Order dated June 3, 2008 ("June 2008 Order"), this Court granted Plaintiff's application seeking in forma pauperis status, and stated:

the Court DISMISSES Plaintiff's Title VII and

> ADEA claims against the Individual Defendants. It is well settled that "in the Second Circuit, 'individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII.'" Brace v. King, No. 07-CV-1028, 2007 U.S. Dist. LEXIS 82941, at *1 (N.D.N.Y. Nov. 7, 2007) (quoting Bembry v. Darrow, 97 F. Supp. 2d 281, 285 (N.D.N.Y. 2000), aff'd 7 Fed. Appx. 33 (2d Cir. 2001), in turn quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995), abrogated on other grounds, Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 622 (1998)). This rule has been held, by courts in this Circuit, to extend to ADEA claims as well. See Vivenzo v. City of Syracuse, No. 05-CV-531, 2008 U.S. Dist. LEXIS 31874, at *23 (N.D.N.Y. Apr. 9, 2008) (Title VII and ADEA); Parker v. Metro. Transp. Auth., 97 F.3d 437, 452 (S.D.N.Y. 2000) (ADEA and ADA). Consequently, the Court DISMISSES with prejudice Plaintiff's Title VII and ADEA claims against the Individual Defendants.

(June 2008 Order 5.)

Subsequently, Plaintiff retained counsel, and counsel filed a notice of appearance on February 18, 2009. Pending before the Court is Plaintiff's motion to amend her Complaint and Defendants' motion to dismiss the Complaint or the Amended Complaint, if the Court grants Plaintiff's motion to amend. Finally, Plaintiff, in an apparent misunderstanding of the Federal Rules, has submitted an application seeking to hold a pre-motion conference to force the Court to construe Defendants' motion to dismiss as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This final

application is wholly inappropriate, as it is within the Court's discretion whether to construe Defendants' motion to dismiss as a summary judgment motion. Accordingly, at the outset, the Court denies this application.

For the reasons that follow: (1) Plaintiff's motion to amend is DENIED; (2) Plaintiff's motion seeking a pre-motion conference is DENIED; and (3) Defendants' motion to dismiss is GRANTED.

BACKGROUND

Plaintiff alleges that Defendants discriminated against her on the basis of her age and gender when she was denied her tenure and terminated on June 30, 2005, before the end of a three-year probationary period as the self-titled District Orchestra Director. (Compl. ¶ 1.) Specifically, Plaintiff alleges that North Bellmore Union Free School District ("North Bellmore") failed to provide her with annual evaluations, and "inundated [her] with 4 strenuous observations within a two-week time span" a few months before she was terminated. (Id. ¶ 5.) Plaintiff contends that the failure to annually evaluate and supervise her was based on the fact that she was an older, more-experienced, and female music teacher. Thus, Plaintiff alleges, at the end of her tenure period, she had less of a "track record" when compared to younger counterparts at the school; this fact, she alleges, contributed

to her termination. (Id.)

Furthermore, Plaintiff contends that Superintendent Dominic Mucci ("Mucci") disregarded four positive evaluations by four different principals, and instead relied on two unfavorable evaluations by Principal Marilyn Hirschfield ("Hirschfield") and Principal Michael Wolk ("Wolk"), in seeking Board approval to terminate her employment. (Id. ¶ 6.) Plaintiff also alleges that the two unfavorable evaluations were fraudulent because they were based on purported observations that never took place. (Id.) Finally, Plaintiff alleges her sex played a role in her termination, as the people in decision-making positions were male, although her replacement was also female. (Id. ¶ 14.) Plaintiff's original Complaint sought monetary damages in the amount of $30 million.

DISCUSSION

I. Plaintiff's Motion to Amend: Standard of Review Under Rule 15[1]

Rule 15(a) of the Federal Rules of Procedure ("FRCP") governs the amendment of pleadings before trial. Rule 15(a)(2) states that a "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Generally, leave to amend

---

[1] Both parties address the relation back concepts contained in Rule 15(c), but altogether fail to address the requirements of Rule 15(a). The Court notes, however, that before it can answer the question of whether the new claims contained in the Amended Complaint relate back to the original filing date, it must ascertain whether it can consider the new claims at all. Therefore, the Court is left to examine the Rule 15(a) factors from its own reading of the record, unassisted by the parties.

4

should be granted freely, and amendment is typically permitted. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Although the decision to grant or deny a motion to amend rests within the sound discretion of the district court, there must be good reason to deny the motion. See Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995). In rendering its decision, the court should consider whether (1) the party seeking amendment unduly delayed or acted in bad faith, (2) the amendment would be futile, or (3) the non-moving party would suffer unfair prejudice.[2] Foman, 371 U.S. at 182.

II. Undue Delay Under Rule 15(a)

Generally, courts will grant leave to amend when the moving party shows that it has not unduly delayed in proposing the amendment, and provides a valid justification for any such delay. See Assam v. Deer Park Spring Water, Inc., 163 F.R.D 400, 406 (E.D.N.Y. 1995). In this case, Plaintiff altogether fails to offer a reason for its delay, and does not account for the months before counsel was retained, or the nearly four

---

[2] Because the Court has no indication that Plaintiff's motion to amend results from intentional delay or bad faith, it will not examine these issues. Moreover, Defendants do not address the issue of prejudice, which weighs heavily in favor of allowing amendment.
 The inquiry into whether to permit amendment of the Complaint involves a balancing process. In other words, the court must "weigh[ ] the potential for prejudice resulting from granting the amendment against the risk of prejudice to the moving party if the amendment is denied." H.L. Hayden Co. v. Siemens Med. Sys., Inc., 112 F.R.D. 417, 419 (S.D.N.Y. 1986) (internal quotation marks and citation omitted). As the non-movants, Defendants carry the burden in this balancing process "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." See Duffy v. Anitec Image Corp., 1991 WL 44834, at *1 (N.D.N.Y. Apr. 1, 1991).

months between when counsel first appeared and when it submitted its motion. Similarly, Defendants do not argue that the delay was inappropriately long. Courts have granted a Rule 15(a) motion where a lengthy period of time has elapsed between the initial filing of a pleading and the motion for leave to amend. See, e.g., Pesce v. Gen. Motors Corp., 939 F. Supp. 160, 166 (N.D.N.Y. 1996) (allowing plaintiff to amend complaint against car manufacturer after over a year so as to increase punitive damages from $10 million to $30 million based on new evidence); ResQNet.com, Inc. v. Lansa, Inc., 382 F. Supp. 2d 424, 450 (S.D.N.Y. 2005) (granting motion after a delay of nearly three years).

Although the time between Plaintiff's filing of its original Complaint and the motion to amend is significant, it is no greater than in many cases in which amendments to the pleadings have been permitted. See Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citing, for example, State Teachers Ret. Bd. v. Flour Corp., 654 F.2d 843, 845-46 (2d Cir. 1981) (permitting amendment after three-year interval); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (allowing amendment after a five-year interval and on second day of trial); Middle Atl. Utils, 392 F.2d at 383 (three-year interval and notice of trial readiness); Zeigan v. Blue Cross & Blue Shield of Greater N.Y., 607 F. Supp. 1434,

1438-39 (S.D.N.Y. 1970) (three-year interval); Green v. Wolf Corp., 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (four-year interval)). Furthermore, the parties in those cases were permitted to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims. See Richardson Greenshields Sec., 825 F.2d at 653 n.6 (citing, for example, Middle Atl. Utils., 392 F.2d at 385 (noting that plaintiff was aware of facts supporting new claims two years before filing of original complaint)); see generally Howey, 481 F.2d at 1191 ("the mere fact that the government could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend").

In the present case, even if Plaintiff could have plead her new causes of action earlier, this would still not warrant the Court's finding of "undue delay" for purposes of Rule 15, especially in light of her pro se status at the start of this proceeding.

III. Unfair Prejudice

As far as the Court can determine, if it grants Plaintiff permission to amend, Defendants might suffer prejudice in the form of some additional discovery. Generally, however, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." United States v. Cont'l Ill. Nat'l Bank & Trust of

7

Chi., 889 F.2d 1248, 1255 (2d Cir. 1989). A party's motion may be denied when the scope of additional discovery is significant. See Richardson Greenshields Sec., 825 F.2d at 653 n.6; Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985); Barrows v. Forest Labs., Inc., 742 F.2d 54, 58 (2d Cir. 1984); Priestly v. Am. Airlines, Inc., No. 89-CV-8265, 1991 WL 64459, at *2 (S.D.N.Y. April 12, 1991). Considering additional discovery in this case might be minimal, and the lack of support in Defendants' opposition papers, the Court finds that Defendants have failed to meet their burden of proof on this element.

IV. Futility

"Futility . . . is a minimal standard to overcome-perhaps the lowest bar." Innomed Labs, LLC v. Alza Corp., No. 01-CV-8095, 2002 WL 1628943, at *2 (S.D.N.Y. July 23, 2002). In granting the motion to amend, the court must only "satisfy itself that it is colorable and not frivolous." Sumitomo Electric Research Triangle v. Corning Glass Works, 109 F.R.D. 627, 628 (S.D.N.Y. 1986). Thus, "[u]nless the claim or defense is patently frivolous, the court [should] . . . permit[] it to be added by amendment." Id. "[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim[.]" Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

8

In this case, it appears that none of Plaintiff's claims as set forth in the Amended Complaint could survive a motion to dismiss.[3]

A. Standard of Review Under Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must satisfy a flexible plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The complaint must be enough to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 1965 (2007). This standard does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. In applying this standard, the district court must accept the factual allegations

---

[3] In addition to the reasons set forth infra, Plaintiff's claims also fail because she has failed to properly serve the individual Defendants. "In all challenges to the sufficiency of process, the burden of proof lies with the party raising the challenge . . . . Any objections to the service of process must be specific and identify in what manner the utilized service of process rules were not satisfied." Callahan v. Consol. Edison Co. of New York, Inc., No. 00-CV-6542, 2001 U.S. Dist. LEXIS 12692, at *8 (S.D.N.Y. Aug. 9, 2001) (internal quotation marks and citations omitted). Once the initial burden has been met by the Defendants, the burden shifts to Plaintiff to show "effectiveness of service." Id. In this case, Plaintiff concedes that service was ineffective, but states that the Court should extend the time to serve. Plaintiff's entire argument on this point is captured in the following passage: "For the reasons set forth herein, a reasonable period of time for plaintiff to serve plaintiff's Verified Complaint upon the individual defendants herein should be granted. Fed. R. Civ. P. Rule 4(n)." Not surprisingly, this is insufficient to meet Plaintiff's burden, and the Court hereby DENIES this application.

set forth in the complaint as true and draw all reasonable inferences in favor of plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). Additionally, the Court is confined to the allegations contained within the four corners of the complaint. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998.) However, the Court may examine any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). Of course, it may also consider matters of which judicial notice may be taken under FED. R. EVID. 201. Kramer v. Time Warner, Inc., 837 F.2d 767,773 (2d Cir. 1991).

B. **Plaintiff's Claims, Except Those For Fraud And Breach Of Contract, Are Time-Barred**

As Defendants properly point out, timely filing with the EEOC is the first prerequisite to bringing a Title VII claim. Crossman v. Crosson, 905 F. Supp. 90, 92 (E.D.N.Y. 1995). Section 2000e-5(e)(1) requires a claimant to file a charge with the EEOC within 180 days after the alleged unlawful employment practice, except where the claimant first files with a State agency, in which case the claimant must file the charge within 300 days after the alleged unlawful practice or within

thirty days after receiving notice that the State agency has terminated the proceedings under state law, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1). "In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days." Butts v. City of New York Dept. of Housing Preservation and Development, 990 F.2d 1397, 1401 (2d Cir. 1993); McNeil v. Aguilos, 831 F. Supp. 1079, 1083 (S.D.N.Y. 1993). If any Title VII claims accrued more than 300 days prior to the filing of the administrative complaint, such claims should be barred by the applicable statute of limitations. Ford v. Bernard Fineson Dev. Ctr., 81 F.3d 304, 305 (2nd Cir. 1996).

According to the Amended Complaint, Plaintiff was terminated on June 30, 2005. She filed a charge with the New York State Division of Human Rights on September 25, 2005. The decision stated that Plaintiff's employment was terminated based on well documented performance related issues, and advised Plaintiff that she (1) had sixty (60) days to appeal the order to the New York State Supreme Court and (2) had fifteen (15) days to request a review by the EEOC. As Defendants properly point out, pursuant to Section 42 U.S.C. § 2000e-5(e)(l), Plaintiff had to file within 300 days after the alleged unlawful practice or within thirty days after receiving notice that the

11

State agency terminated the proceedings under state law, whichever came earlier. Plaintiff, however, did not file a complaint with the EEOC until February 21, 2008, well beyond the statutory time requirement. Those claims are, therefore, barred.[4]

To determine the applicable statue of limitations for a Section 1983 action, a federal court must look "to the law of

---

[4] Beyond being time-barred, Plaintiff also fails to provide sufficient detail regarding her claims of sex discrimination. To establish a prima facie case for sex discrimination under Title VII, a plaintiff must demonstrate: (1) membership in a protected class and qualification for the position; (2) satisfactory job performance; (3) an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466-67 (2d Cir. 2001); Cruz v. Coach Stores, Inc., 202 F.3d 560, 567 (2d Cir. 2000). If a plaintiff successfully presents a prima facie case, under the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) burden shifting analysis, the defendant may rebut it by articulating legitimate, non-discriminatory reasons for the adverse employment action. Spence v. Maryland Cas. Co., 995 F.2d 1147, 1155 (2d Cir. 1993). Once the employer has done so, the burden shifts back to the plaintiff to come forward with evidence that the defendant's explanations are merely pretextual and that the defendant's actual motivations were, more likely than not, discriminatory. Id. At this point, the burden-shifting presumptions disappear, and the real question in adjudicating a defendant's motion for summary judgment becomes "simply whether the evidence in plaintiff's favor, when viewed in the light most favorable to the plaintiff, is sufficient to sustain a reasonable finding that her dismissal was motivated at least in part by age discrimination." Tomassi v. Insignia Fin. Group, 478 F.3d 111, 115 (2d Cir. 2007).
 To survive Defendants' motion to dismiss, the Court must only decide if Plaintiff sufficiently pleads facts to establish the four requirements above. Accepting all of the facts in the Amended Complaint as true, for purposes of deciding the motion to dismiss, Plaintiff has established the first three requirements. However, with regard to the fourth requirement—that the termination occurred under circumstances giving rise to an inference of discrimination—Plaintiff fails to meet her burden for at least one of her claims.
 To support her claims that she was terminated because of her sex, Plaintiff cites to virtually no facts. In essence, Plaintiff argues that she was discriminated against based on her sex because one assistant, Edward McCullagh, was granted tenure, and because the people who made decisions regarding her termination were male. Of course, Plaintiff ignores the fact that her alleged replacement was also a woman. With these facts alone, Plaintiff has failed to state a claim for relief that is plausible on its face.

the state in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007). The time at which accrual begins, however, "is a question of federal law that is not resolved by reference to state law." Id. at 388. In the present action, the parties correctly agree that, in New York, the general statute of limitations for personal injury claims is three years. See N.Y.C.P.L.R. § 214(5). Thus, the only issue presented is when accrual began.

When state law is not directly on point, Section 1983 actions "are governed by federal rules conforming in general to common-law tort principles." Wallace, 549 U.S. at 388. Thus, utilizing this standard, a claim's statute of limitations begins to accrue "when the plaintiff has 'a complete and present cause of action.'" Id. (citing Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferber Corp. of Cal., 522 U.S. 192, 201, 118 S. Ct. 542, 139 L. Ed. 2d 553 (1941)).

In this case, Plaintiff has asserted her 1983 claims well beyond the three-year statute of limitations. In an attempt to overcome this, Plaintiff argues that the 1983 claims should relate back to the date of the original Complaint. Federal Rule 15 provides, in relevant part:

> (c) Relation Back of Amendments.
>
> (1) When an Amendment Relates Back. An

>           amendment to a pleading relates back to the
>           date of the original pleading when:
>
>              (A) the law that provides the applicable
>              statute of limitations allows relation
>              back;
>
>              (B) the amendment asserts a claim or
>              defense that arose out of the conduct,
>              transaction, or occurrence set out--or
>              attempted to be set out--in the original
>              pleading; or
>
>              (C) the amendment changes the party or
>              the naming of the party against whom a
>              claim is asserted, if Rule 15(c)(1)(B)
>              is satisfied and if, within the period
>              provided by Rule 4(m) for serving the
>              summons and complaint, the party to be
>              brought in by amendment:
>
>                 (i) received such notice of the
>                 action that it will not be
>                 prejudiced in defending on the
>                 merits; and
>
>                 (ii) knew or should have known
>                 that the action would have been
>                 brought against it, but for a
>                 mistake concerning the proper
>                 party's identity.

FED. R. CIV. P. 15(c). In this case, the individual Defendants were not served within the period provided by Rule 4(m) and may suffer prejudice in defending on the merits; Plaintiff's Title VII claims against the individual Defendants were previously dismissed, and Plaintiff sought to add her Section 1983 claims one year after the original Complaint was filed.

Even if the Court does permit the claims to relate back to the date of the original Complaint with regard to the

14

other Defendants, Plaintiff still fails to sufficiently state a claim. As Defendants properly point out, to establish a municipality's liability under section 1983, a plaintiff must show that the deprivation of her rights occurred pursuant to a municipal custom or policy of depriving persons of those rights. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Plaintiff fails to plead sufficient facts to demonstrate that any alleged constitutional violations occurred as a result of North Bellmore's unconstitutional custom or policy. Accordingly, Plaintiff's Section 1983 claims are DISMISSED.

C. Breach of Contract

Under New York law, "[t]o establish a prima facie case for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." Nat'l Market Share, Inc. v. Sterling Nat'l Bank, 392 F.3d 520, 525 (2d Cir. 2004).

In this case, it is apparent that there existed some employment contract between the parties. However, Plaintiff has not plead sufficient facts to establish a breach of contract. This claim is DISMISSED.

D. Common Law Fraud

1. Heightened Pleading Standard Under Rule 9(b)

Rule 9(b) requires that the circumstances constituting fraud be stated with particularity. FED. R. CIV. P. 9(b). The

15

Second Circuit has interpreted Rule 9(b) to require the complaint to: "1) specify the statements that the plaintiff contends were fraudulent; 2) identify the speaker; 3) state where and when the statement was made; and 4) explain why it was fraudulent." Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004); see In re NBTY, Inc. Sec. Litig., 224 F. Supp. 2d 482, 491 (E.D.N.Y. 2002) (quoting Acito v. IMCERA Group, Inc., 47 F.3d 47, 51 (2d Cir. 1995)).

2. Requirements of Claim

To prove a claim for common-law fraud under New York law, a plaintiff must demonstrate: (1) a false representation of material fact; (2) knowledge by the party who made the representation that it was false when made; (3) justifiable reliance by the plaintiff; and (4) resulting injury. See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291 (2d Cir. 2006).

In this case, not only does Plaintiff fail to meet the required level of specificity under Rule 9, but she also fails to sufficiently plead the requirements under New York law. This claim is, accordingly, DISMISSED.

E. Plaintiff's Remaining State Law Claims

As a prerequisite to maintaining her other state law claims, Plaintiff was required to file a notice of claim. Despite her claims to the contrary, Plaintiff has failed to satisfy this requirement. Accordingly, Plaintiff's remaining

16

state law claims are DISMISSED.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions are DENIED and Defendants' motion to dismiss is GRANTED. The Clerk of the Court is directed to terminate all pending motions and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March  18 , 2010
         Central Islip, New York

18