```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DANIA HALL,

                Plaintiff,               MEMORANDUM & ORDER
                                         08-CV-1999
(JS)(ARL)
        -against-

NORTH BELLMORE UNION FREE
SCHOOL DISTRICT, SUPERINTENDENT
DOMINIC MUCCI, PRINCIPAL MARILYN
HIRSCHFIELD, PRINCIPAL MICHAEL WOLK,
RAN DEE COULTER, CHRISTINE STURNIOLO,
CAROL MELNICK, NORTH BELLMORE
BOARD OF EDUCATION, NINA LANCI, MARY
OPORTO, JOSEPH PERRONE, HOWARD G.
POLLITT and IRMA F. WILK,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:    Kevin T. Grennan, Esq.
                  Law Offices of Kevin T. Grennan, PLLC
                  1000 Franklin Avenue, Suite 302
                  Garden City, NY 11530

For Defendants:   Rondiene Erin Novitz, Esq.
                  Gary Edward Dvoskin, Esq.
                  Cruser Mitchell & Novitz, LLP
                  175 Pinelawn Road, Suite 301
                  Melville, NY 11747
```

SEYBERT, District Judge:

On March 18, 2010, the Court granted Defendants' motion to dismiss, and directed that this matter be closed. On March 29, 2010, Plaintiff filed the present motion for reconsideration. In short, Plaintiff asks the Court to reverse its decision with regard to her claims under Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination

in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"). For the reasons cited herein, the Court GRANTS Plaintiff's motion for reconsideration.

## DISCUSSION

I. Standard Of Review On Motion For Reconsideration

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007). Rule 59(e) permits a moving party to file a motion for reconsideration when it believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the

2

Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. FED. R. CIV. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

## II. Time Requirement For Filing EEOC Charge

A mandatory prerequisite to seeking federal relief under Title VII or the ADEA is the timely filing of a discrimination charge with the EEOC. See Paneccasio v. Unisource Worldwide, Inc., No. 06-CV-3950, 2008 U.S. App. LEXIS 15400, at *26 (2d Cir. July 7, 2008); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). The discrimination charge must be filed within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117.

In Defendants' prior memorandum in support of their motion to dismiss, Defendants represented that Plaintiff had failed to file an EEOC charge within the requisite 300 day period. Additionally, the Plaintiff, then pro se, did not refute this representation. Subsequently, however, after

retaining counsel, Plaintiff pointed out that she had dual-filed her charge with the NYSDHR and the EEOC on September 20, 2005, and that such period was within the 300 days. The Court, unfortunately, overlooked this fact, and this oversight warrants reconsideration of the Court's prior decision with regard to Plaintiff's Title VII and ADEA claims.[1]

To establish a prima facie case for sex discrimination under Title VII, a plaintiff must demonstrate: (1) membership in a protected class and qualification for the position; (2) satisfactory job performance; (3) an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466-67 (2d Cir. 2001); Cruz v. Coach Stores, Inc., 202 F.3d 560, 567 (2d Cir. 2000). Similarly, to establish a prima facie case of age discrimination under the ADEA, the plaintiff must show that: "(1) [s]he was within the protected age group; (2) [s]he was qualified for the position; (3) [s]he was subject to an adverse employment action; and (4) the adverse employment action occurred under 'circumstances giving rise to an inference of discrimination.'" Terry v. Ashcroft, 336 F.3d 128, 138-39 (2d

---

[1] Unlike Plaintiff's counsel, the Court stops short of accusing Defendants of making intentional misstatements in their memorandum in support of their motion to dismiss. However, upon reconsideration, Defendants' assertions that the EEOC charge was not filed until 2008 are either careless, or evasive. To avoid the imposition of Rule 11 sanctions, Defendants are encouraged to be more diligent throughout the remainder of this case.

Cir. 2003) (quoting Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir. 2001)). If a plaintiff successfully presents a prima facie case, under the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) burden shifting analysis, the defendant may rebut it by articulating legitimate, non-discriminatory reasons for the adverse employment action. Spence v. Maryland Cas. Co., 995 F.2d 1147, 1155 (2d Cir. 1993). Once the employer has done so, the burden shifts back to the plaintiff to come forward with evidence that the defendant's explanations are merely pretextual and that the defendant's actual motivations were, more likely than not, discriminatory. Id. Thereafter, the burden-shifting presumptions disappear, and the real question in adjudicating a defendant's motion for summary judgment becomes "simply whether the evidence in plaintiff's favor, when viewed in the light most favorable to the plaintiff, is sufficient to sustain a reasonable finding that her dismissal was motivated at least in part by age discrimination." Tomassi v. Insignia Fin. Group, 478 F.3d 111, 115 (2d Cir. 2007).

To survive Defendants' motion to dismiss, the Court must only decide if Plaintiff sufficiently pleads facts to establish the four requirements listed above. Accepting all of the facts in the Amended Complaint as true, for purposes of deciding the motion to dismiss, Plaintiff has established the

first three requirements for both her Title VII and ADEA claims. Additionally, with regard to her ADEA claim, Plaintiff establishes the fourth requirement. Upon reconsideration, with regard to the fourth requirement of her sex discrimination claim--that the termination occurred under circumstances giving rise to an inference of sex discrimination--Plaintiff meets her burden by a razor thin margin. Thus, although she may not be successful in opposing Defendants' motion for summary judgment, she has at least satisfied the requirements of Rule 12.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is GRANTED with regard to her Title VII and ADEA claims, except for those claims against the individual Defendants, which remain DISMISSED. Additionally, her claims, aside from her claims under Title VII and the ADEA, remain DISMISSED. The Clerk of the Court is directed to reopen the case.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: May 30, 2010  
Central Islip, New York