UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIA HALL,

                        Plaintiff,

                      -against-

NORTH BELLMORE SCHOOL DISTRICT,
et al.,

                        Defendants.
------------------------------------------------------------X

**ORDER**

CV 08-1999(JS)(ARL)

**LINDSAY, Magistrate Judge:**

      Before the court is plaintiff's letter application dated May 9, 2011, seeking to compel defendants' current and former employees and board members to testify at depositions concerning communications made in School Board Executive Session meetings with respect to plaintiff's denial of tenure  and termination.  Defendants opposes the application on the basis that the subject communications are protected by executive privilege, or alternatively attorney-client privilege.

      Federal Rule of Evidence 501 provides in pertinent part that evidentiary privileges

      shall be governed by the principles of the common law as they may be interpreted
      by the courts of the United States in the light of reason and experience.  However,
      in civil action or proceedings, with respect to an element of a claim or defense as to
      which State law supplies the rule of decision, the privilege of a witness, person,
      government, State, or political subdivision thereof shall be determined in
      accordance with State law.

Fed. R. Evid. 501.  Here, the asserted privilege covers issues related to plaintiff's federal and state age and gender discrimination claims.

      Pursuant to Article 7 of the Public Officers Law (the "Open Meetings Law"), a public body may, for certain topics circumscribed by statute, call an "executive session" at which the general public is not permitted to attend.  Public Officers Law §§ 102(3), 105;  *Kline & Sons Inc. v. County of Hamilton*, 663 N.Y.S.2d 339, 340 (3d Dep't 1997).  "[A] public body may call an executive session for the below enumerated purposes only, provided, however, that no action by formal vote shall take to appropriate public moneys:" viz. "the medical, financial, credit or employment history of a particular person or corporation, or matters leading to the appointment, employment, promotion, demotion, discipline, suspension, dismissal or removal of a particular person or corporation."  Public Officers Law § 105(f).  Moreover, where "confidentiality has been specifically sanctioned by Public Officers Law §§ 105 and 106," it is "to be shielded from public disclosure."  *Kline & Sons Inc.*, 663 N.Y.S.2d at 340.

      A review of the plaintiff's application and deposition transcript of the defendant

Superintendent Dominic Mucci indicate that the requsted disclosure concerns communications relating to plaintiff's employment, to wit, (i) the denial of tenure and (ii) plaintiff's termination of employment with the North Bellmore School District. Such disclosure falls within the enumerated purposes of the Public Officers Law § 105(f). *See Matter of Jaskowiak*, 1982 Educ. Dept. Rep. 509 ("[s]ince discussion of matters pertaining to appointment and dismissal of employees may be held in executive session, a board may not be compelled to publicly reveal its reason for not renewing a superintendent's contract"). Moreover, counsel was present during the executive sessions and there is no indication in the applications that any of the communications was for purposes other than the procurement of legal advice concerning plaintiff's employment.[1] *Cf. Rush v. Columbus Municipal School Dist.*, 234 F.3d 706, 707 (5th Cir. 2000) (holding "the attorney-client privilege protects all communications during a meeting between a school board and its attorney for the purpose of obtaining legal advise, even those communications not addressed directly to the attorney . . . . While the Board members did discuss their reasons for refusing to rehire [plaintiff], the discussions occurred in the context of inquiring about the legality of those reasons"). Accordingly, plaintiff's motion to compel defendants' current and former employees and board members to testify at depositions about communications made during the executive session meetings is denied.

Dated: Central Islip, New York          **SO ORDERED:**
      May 19, 2011

                          _____/s/_____
                          ARLENE R. LINDSAY
                          United States Magistrate Judge

---

[1]Plaintiff's arguments that defendants waived the privilege based on Mr. Mucci's deposition testimony is without merit. Contrary to plaintiff's position, a review of the transcript reveals that Mr. Mucci acted to preserve the privilege. In the following exchange, Mr. Mucci testified as follows:

> Q:     And you told the School Board that Dania Hall should not be granted tenure. Is that correct?
> A:     Are we talking about executive session:
> Q:     Anywhere
> A:     This is an opportunity –
>        Mr. Dvoskin: As long as it's not from a – something about executive session. He's asking, ultimately, did you advise the Board that you wee not recommending tenure? I assume that's the question, right?
> Q:     Whether you qualify by "ultimately" or if you don't qualify by "ultimately" – my question is: did you tell the School Board that Dania Hall shouldn't get tenure in this District?
> A:     That was my recommendation.

(Tr. at 144-45.) Thus, it is plain from the context of the transcript that Mr. Muccio intended to preserve his privilege.