UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DANIA HALL,

                Plaintiff,

                                              **ORDER**
      -against-                              CV 08-1999(JS)(ARL)

NORTH BELLMORE SCHOOL DISTRICT,
et al.,

                Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's motion to compel the defendants to produce certain personnel records and the defendants' opposition and cross-motion for a protective order concerning the same records. The records at issue are the personnel records of members of the music department at defendant school district. For the reasons set forth below, the plaintiff's motion is granted in part and defendants' cross-motion is denied.

      The plaintiff, Dania Hall ("Hall"), commenced this action on May 16, 2008, alleging discrimination on the basis of age and gender in violation of the ADEA, Title VII and NYSHRL. Specifically, Hall claims that the defendants subjected her to disparate treatment and discrimination when she was denied tenure and dismissed effective June 30, 2005, despite her superior qualifications and work performance, while younger, less experienced and qualified teachers were granted tenure. In connection with these allegations, Hall now seeks to compel the defendants to provide her with copies of the personnel files of the other members of the Kindergarten through Sixth grade music teachers for the period July 1, 2002 to the present, limited to documents reflecting qualifications, experience, training, educational qualifications and professional accomplishments and dates of birth. The defendants contend that the personnel files are irrelevant, overbroad, unduly burdensome and implicate privacy interests.

      While it is true that personnel records are often afforded special protection from discovery because they contain confidential personal information, the court must nonetheless weigh the privacy concerns of individual non-parties against the needs of the discovering party. *See Obiajulu v. City of Rochester,* 166 F.R.D. 293 (W.D.N.Y. 1996); *see also Kelly v. City of New York,* 2003 U.S. Dist. LEXIS 2553 * 10 (S.D.N.Y. 2003)(citing *U.S. v. Amodeo,* 71 F.3d 1044 (2d Cir. 1995)). "It is well-settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation." *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990). That being said, however, "the Circuit has noted that the comparisons underlying claims of disparate treatment must be carefully drawn." *Jhirad v. TD Securities USA, Inc.*, 02-CV-7509, 2003 WL 1872654, at *4 (S.D.N.Y. Apr. 10, 2003) (quoting *Smith v. Xerox Corp.*, 196 F.3d 358, 370-71 (2d Cir. 1999) (holding that because intent is a critical issue in employment discrimination cases, "only a comparison between persons evaluated

by the same decisionmaker is probative of discrimination"). In order to establish that she was treated less favorably than similarly situated employees outside her protective class, plaintiff must establish that she was "similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Graham v. Long Island Rail Road*, 230 F.3d 34, 40 (2d Cir. 2000). "Balanced against the interest of a disparate treatment plaintiff in gathering statistical evidence is an employer's interest in maintaining the confidentiality of employee personnel files." *Duck v. Port Jefferson School Dist.*, No. 07CV2224 (ADS) (WDW), 2008 WL 2079916, at *4 (E.D.N.Y. May 14, 2008). Finally, the courts must impose reasonable limits on the scope of permissible discovery based upon the specific facts of the case. *See*, *e.g., Cronas v. Willis Group Holdings, Ltd.*, 2008 WL 4548861, at *2 (S.D.N.Y. Oct. 8, 2008) (invoking Fed. R. Civ. P. 26(b)(2)(C) and denying discovery of centralized employment policies and practices because "[e]vidence of discriminatory acts taken by different supervisors in different offices against different employees would not tend to prove that plaintiffs had suffered discrimination"); *Sundaram v. Brookhaven Nat. Lab.*, 1996 WL 563829, at *2 (E.D.N.Y. Mar. 11, 1996) (denying demand for discovery concerning employees outside of plaintiff's "work unit"); *see also Obiajulu v. City of Rochester*, 166 F.R.D. 293 (W.D.N.Y. 1996). In the instant matter, although plaintiff may seek statistical information in support of her disparate treatment claim, the personnel records requested must be limited to teachers who worked in the same schools, held similar positions, had the same supervisors, performed similar job functions, during the time period plaintiff was employed in the district, viz. July 1, 2002 to June 30, 2005. The parties are directed to meet and confer in an attempt to fashion a confidentiality order with respect to the confidential information disclosed in compliance with this order.

Dated:  Central Islip, New York             **SO ORDERED:**
       June 7, 2011

                                                                      _____/s/_____
                                                                      ARLENE R. LINDSAY
                                                                      United States Magistrate Judge