UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DANIA HALL,

                                              MEMORANDUM & ORDER
               Plaintiff,        08-CV-1999(JS)(ARL)

    -against-

NORTH BELLMORE SCHOOL DISTRICT and
NORTH BELLMORE BOARD OF EDUCATION,

               Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:    Kevin T. Grennan, Esq.
                  Law Offices of Kevin T. Grennan, PLLC
                  1000 Franklin Avenue, Suite 302
                  Garden City, NY 11530

For Defendants:   Rondiene Erin Novitz, Esq.
                  Gary Edward Dvoskin, Esq.
                  Keith V. Tola, Esq.
                  Cruser Mitchell & Novitz, LLP
                  175 Pinelawn Road Suite 301
                  Melville, NY 11747

SEYBERT, District Judge:

        Pending before the Court are Plaintiff Dania Hall's Objections to Magistrate Judge Arlene R. Lindsay's June 7, 2011 Order (the "Discovery Order"), which granted in part Plaintiff's motion to compel Defendant North Bellmore School District (the "District") to produce personnel files for certain of its employees. For the following reasons, the Discovery Order is affirmed as modified consistent with the discussion below.

## DISCUSSION

        Plaintiff, formerly one of the District's music

teachers, alleges age and gender discrimination. Specifically, Plaintiff claims that she was denied tenure and terminated effective June 30, 2005 while younger, less experienced teachers were granted tenure. (Discovery Order 1.) Plaintiff sought the personnel records of all of Defendant's music teachers since July 1, 2002, "limited to documents reflecting qualifications, experience, training, educational qualifications and professional accomplishments and dates of birth." (Id.) Judge Lindsay granted Plaintiff's request in part and ordered the District to produce employee files for "teachers who worked in the same schools, held similar positions, had the same supervisors, performed similar job functions, during the time period plaintiff was employed in the district, viz. July 1, 2002 to June 30, 2005." (Id. at 2.) Plaintiff, who was 59 years old at the time she was denied tenure, now challenges the Discovery Order only to the extent that it precludes her from discovering the personnel record of the teacher whom she claims replaced her, 26-year-old Lisa Uckardes. (Pl. Ltr. Br. 1.)

I. Legal Standard

A magistrate judge's ruling on a non-dispositive issue may be set aside only if the reviewing district court finds the decision to be clearly erroneous or contrary to law. E.g., Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic, No. 10-CV-5256, 2011 WL 4111504, at *2-3

2

(S.D.N.Y. Sept. 13, 2011). "Under the 'clearly erroneous' standard of review, a district court may reverse a magistrate's finding only if it is 'left with the definite and firm conviction that a mistake has been committed.'" Garcia v. Benjamimn Grp. Enter. Inc., __ F. Supp. 2d __, No. 09-CV-2671, 2011 WL 2444686, at *2 (E.D.N.Y. June 14, 2011) (quoting Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers, Ltd., 190 F.3d 64, 67-68 (2d Cir. 1999)). Under the "contrary to law" standard, a magistrate's decision must stand unless the district court finds that the magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Id. (quoting Catskill Dev., L.L.C. v. Park Place Entm't, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). Magistrate judges have broad discretion in resolving discovery disputes, and their decisions are only reversed if that discretion is abused. Id.

II. Application

Lisa Uckardes' personnel file may be relevant to the District's alleged discriminatory intent and ought to be produced. Plaintiffs in employment discrimination suits may establish an inference of discrimination in several ways, including by showing that they were treated less favorably than similarly situated employees outside their protected class. Ruiz v. Cnty. of Rockland, 609 F.3d 486, 493 (2d Cir. 2010). Judge Lindsay carefully delineated who constitutes a "similarly

3

situated" employee in this case (see Discovery Order 2), and, except as discussed here, those rulings will not be disturbed. In age discrimination suits, a plaintiff may also establish an inference of discrimination by showing that she was replaced by a much younger employee. See O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313, 116 S. Ct. 1307, 1310, 134 L. Ed. 2d 433 (1996); cf. Holtz v. Rockefeller & Co., 258 F.3d 62, 82 (2d Cir. 2001) ("Nor has [the plaintiff] shown that similarly situated employees were treated differently or that she was replaced by a younger person, or adduced any other circumstantial evidence indicative of discriminatory intent."). To that end, Plaintiff may discover the materials in Uckardes' employee file to the same extent as described in the Discovery Order (i.e., documents reflecting qualifications, experience, training, educational qualifications and professional qualifications, and dates of birth). See Ladson v. Ultra E. Parking Corp., 164 F.R.D. 376, 378 (S.D.N.Y. 1996) (permitting discovery of personnel files). As with the earlier production of personnel records, the parties shall fashion an appropriate confidentiality agreement as to the Uckardes file.

CONCLUSION

For the foregoing reasons, the Discovery Order is AFFIRMED AS MODIFIED. The District shall produce Lisa Uckardes' personnel file to the extent discussed above. The Discovery Order is affirmed in all other respects. The Court does not reach whether Plaintiff should be permitted to depose Uckardes; to the extent the parties continue to disagree on this issue, they shall address their disagreement to Judge Lindsay in accordance with her individual rules.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    May __22__, 2012
          Central Islip, New York