UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DANIA HALL,

                Plaintiff,

                                                  **ORDER DENYING RELIEF FROM JUDGMENT**

       -against-                                   08-CV-1999 (PKC)

NORTH BELLMORE SCHOOL DISTRICT and
NORTH BELLMORE BOARD OF EDUCATION,

                Defendants.

----------------------------------------------------------------x

On July 5, 2016, the Court received a 60-page letter from Plaintiff Dania Hall, acting *pro se*, alleging fraud and misrepresentations on the part of defense counsel during the five-day trial in this case, which culminated in a jury verdict for Defendants on May 20, 2016. (Dkt. 146.) On July 7, 2016, Defendant North Bellmore School District filed a brief letter noting that the time to make a motion setting aside the verdict has expired. (Dkt. 147.) Also that same day, Plaintiff's counsel of record, Kevin Grennan, submitted a letter confirming that he and co-counsel Kenneth Goldblatt ceased to represent Plaintiff after the entry of judgment in this action. (Dkt. 149.)

The Court first notes that Plaintiff's letter was received 40 days after the entry of final judgment on May 26, 2016. Accordingly, Plaintiff has missed the deadline to move for a new trial under Rule 59 and to move for judgment notwithstanding the verdict under Rule 50 of the Federal Rules of Civil Procedure, both of which must be done within 28 days after entry of judgment. *See* Fed. R. Civ. P. 59(b); 50(b). Plaintiff could not have made a post-trial Rule 50 motion in any

event, because she failed to preserve her ability to do so under Rule 50(b) by failing to move for judgment as a matter of law under Rule 50(a) before the case was submitted to the jury.

Only one avenue of post-trial relief from the judgment remains procedurally available to Plaintiff: a Rule 60 motion for relief from a judgment or order. *See* Fed. R. Civ. P. 60. In relevant part, Rule 60(b) provides that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(c) provides that such a motion must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment."

Interpreting Plaintiff's submission liberally, as the Court must in light of her current *pro se* status, the Court construes Plaintiff's letter as a Rule 60(b) motion. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (quotations and citation omitted). In her letter, Plaintiff argues that defense counsel showed the jury documents "that went against [the Court's] directives to the plaintiff and defense to stay within the time frame of [Plaintiff's] employment (9/2002-6/2005), unless it was used in a legal proceeding," specifically: (1) three so-called "fraudulent" e-mails from Superintendent Dominic Mucci dated September 19, 2005; (2) an e-mail from Plaintiff dated April 28, 2006; and

(3) a website post entitled "Wasted in North Bellmore" dated June 2005. (Dkt. 146 at ECF 5.[1]) The remainder of Plaintiff's letter recites her own account of the events that transpired while she was employed by North Bellmore School District and throughout the litigation, including the trial. (*See* Dkt. 146 at ECF 9-60.) As part of her recounting of the trial, Plaintiff characterizes a number of statements made by defense counsel and by witnesses on the stand at trial as fraudulent; Plaintiff also disputes the admission of certain pieces of evidence.

None of these foregoing grounds, however, constitutes a ground on which to grant relief under Rule 60(b). Plaintiff's letter focuses on purportedly fabricated e-mails and documents, as well as misrepresentations by defense counsel and witnesses at trial, which this Court will construe as a Rule 60(b)(3) motion. A Rule 60(b)(3) motion, however, "cannot serve as an attempt to relitigate the merits." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rather, a Rule 60(b)(3) movant "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case," *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (citation omitted), "and that the fraud is attributable to the party or, at least, to counsel." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013) (quotations and citation omitted); *see also Esposito v. State of New York*, No. 07-cv-11612, 2016 WL 2770540, at *2 (S.D.N.Y. May 12, 2016). Here, all of the issues raised by Plaintiff in her letter could have been—and oftentimes *were*, in fact—addressed at trial. For instance, in her letter, Plaintiff contends that defense counsel fraudulently represented at trial that the September 2005 and April 2006 dates on certain e-mails were the result of a "computer glitch," and that those e-mails were in fact sent in early 2005, *prior*

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

to her termination. (*See, e.g.*, Dkt. 146 at ECF 7.) But her own counsel *stipulated* to the inaccuracy of the September 2005 and April 2006 "sent" dates on these e-mails. (*See* Dkt. 140 at ECF 3.) Similarly, although Plaintiff now challenges the authenticity of the "Shoshi note" in her letter, (*see* Dkt. 146 at ECF 45-46), her counsel expressly *withdrew* previously-asserted evidentiary challenges to the "Shoshi note," including one based on authenticity, on May 16, 2016, shortly before the start of trial.

Ultimately, Plaintiff had her day in court, even if she did not like the outcome. Plaintiff had a full opportunity to, and *did*, give her complete account of events on the stand. And her counsel had a full opportunity to, and *did*, cross-examine all of the other witnesses regarding the alleged inconsistencies and misrepresentations in their testimonies that Plaintiff now raises in her letter. Plaintiff also had a full opportunity to, and *did*, raise evidentiary objections to witness testimony and exhibits prior to, and during, trial. Indeed, although Plaintiff states repeatedly in her letter that she was "surprised" to see various pieces of evidence displayed during the trial, all of the documents referenced by Plaintiff in her letter—including the "Wasted in North Bellmore" article that Plaintiff focuses so heavily on—were clearly identified in the jointly submitted pretrial order, and many were the subjects of pre-trial evidentiary rulings.

This Circuit has made clear that in light of the "extraordinary judicial relief" contemplated by Rule 60, a court should exercise its discretion to grant a Rule 60(b) motion only where the movant demonstrates that "exceptional circumstances" exist. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citations omitted). "Although the Court holds papers submitted by *pro se* litigants to a less rigorous standard than those drafted by attorneys, *pro se* litigants are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion." *Chilulli v. I.R.S.*, No. 03-cv-6670, 2006 WL 3008084, at *2 (S.D.N.Y. Oct. 20,

2006) (collecting cases). For all of the foregoing reasons, the Court finds that Plaintiff has fallen far short of these demanding standards here. Accordingly, this Court DENIES Plaintiff's Rule 60(b) motion for post-trial relief from the judgment.

                                                                                                   SO ORDERED.

                                                                                               */s/ Pamela K. Chen*
                                                                                               Pamela K. Chen
                                                                                               United States District Judge

Dated: July 25, 2016
       Brooklyn, New York